ALICE CORT, Appellee, v. FLORA BENSON and others, Appellants.

Evidence: INTERESTED WITNESSES: WEIGHT. Self-interest and partisanship should be considered in weighing the evidence of witnesses and comparing the same with that of disinterested persons.

Mental incapacity: EVIDENCE. The fact that a person was charged with unsoundness of mind, but before trial the proceeding was dismissed, has no legitimate bearing upon that question at the time of a subsequent transaction.

Same: PRESUMPTIONS: EVIDENCE. Every adult person is presumed to be mentally competent to transact business, and the presumption of due consideration attaches to every written promise to pay. In the instant case the evidence is held to show that the mortgagor was mentally competent at the time the mortgage was made.

Same: ADMISSION OF MENTAL INCOMPETENCY. The admission of a present enfeebled mental condition cannot be construed into an admission that the party was incompetent to make a contract two years prior thereto.

Same: MORTGAGES: PRESUMPTION: BURDEN OF PROOF. A mortgage will be presumed to have been made for a sufficient consideration, even though the mortgagee is the husband or wife of the mortgagor; and the mere relationship will not cast upon the mortgagee the burden of showing the good faith of the transaction, as in the case of a gift.

Same: EVIDENCE: TRANSACTIONS WITH A DECEDENT. A wife, as mortgagee of her deceased husband, is incompetent to testify to a transaction with him; and her failure to so testify in an action to foreclose the mortgage cannot be treated as evidence of any wrong on her part in connection therewith.

Practice: EXCEPTION TO RULINGS: REVIEW. Where no exception was preserved to the ruling striking a pleading from the files the action of the court will not be reviewed on appeal.

*Appeal from Union District Court.—*HON. H. K. EVANS, Judge.

ACTION in equity for foreclosure of a mortgage. Decree as prayed, and defendants appeal. The material facts are stated in the opinion.—*Affirmed.*

*Sullivan & Lee* and *Sullivan & Sullivan,* for appellants.

*J. B. Harsh* and *D. W. Higbee,* for appellee.

WEAVER, C. J.—Plaintiff is the widow of Thomas Cort, who died January 21, 1911, and defendants are his surviving children by a former marriage. On January 8, 1909, Thomas Cort executed and delivered to his wife a demand note or duebill for $1,836.60, and secured payment of the same by mortgage on forty acres of land owned by him in Union county, Iowa. After his death the wife brought this action in equity to foreclose the mortgage, making the heirs defendants in the proceedings. The defendants or some of them appeared and, answering the plaintiff's petition, denied that anything is due from Thomas Cort or from his estate, and allege that the note and mortgage were executed and delivered without consideration and are therefore void and unenforceable. They further allege that at the date of said note and mortgage Thomas Cort was suffering from *senile dementia* and general *paresis* to such an extent as to be wholly incapable of understanding the nature of the transaction and incompetent to transact business, and that by reason of his said want of mental capacity and because of undue influence exercised over him by his wife in the procuring of these instruments their enforcement would be contrary to equity and good conscience. The issues presented by the pleadings and arguments are the familiar ones arising upon allegations of mental incapacity, undue influence, and want of consideration. The trial court, which had the witnesses before it and heard the testimony as delivered upon the stand, found that

these allegations had not been sustained by the necessary preponderance of the evidence and decreed a foreclosure of the mortgage.

We have examined the record with much care and see no good reason for interfering with that decree. There is, it must be admitted, evidence on the part of the appellants which might well be held to justify a different conclusion; but when we look to the testimony as a whole and give to all the witnesses credit for veracity of statement and sincerity of opinions expressed, and then put into the balance facts and circumstances about which there is little or no dispute, we are compelled to hold not only that appellants have failed to establish their affirmative defenses by the required quantity of proof, but that the preponderance is in fact with the plaintiff. The burden which is admittedly upon the defendants is sought to be sustained and satisfied by testimony which is very largely opinion as distinguished from specific fact, and, while we do not question the candor of any of the witnesses, it is not to be overlooked that those who express the most positive or emphatic belief that the deceased was mentally incompetent are persons directly interested in having the note and mortgage declared void.

Self-interest and partisanship so often bias the judgment and color the opinion of witnesses whose good faith is not to be questioned that it cannot be overlooked or ignored in passing upon the weight and value of their testimony as against that of witnesses not thus handicapped, and still more especially as against undisputed or well-established circumstances pointing to the opposite conclusion. The opinion of the interested witnesses is corroborated to some extent by other witnesses against whom this objection cannot be raised. Some of them, however, make reference to dates of occasions after the execution of the papers in controversy, and in nearly all cases, when pressed by counsel for statement of specific facts on which the opinion of Mr. Cort's mental unsoundness is based,

1. EVIDENCE: interested witnesses: weight.

the answers are vague and unsatisfactory or relate facts which are not inconsistent with his competency to do business. It may be conceded, we think, that the deceased did in the last years of his life suffer some deterioration in mental strength and there was some change in his conduct and manner of life; but that this waning of mentality had progressed to an extent rendering him incompetent to manage his own affairs with a reasonable degree of intelligence is not shown.

It does appear that in the year 1908 some of his children began proceedings to have him declared of unsound mind, but it never came to trial and was later dismissed. This fact is pressed upon our attention by counsel as a strong circumstance in support of the defense.

2. MENTAL IN-CAPACITY: evidence.

If the fact that he was charged with unsoundness of mind could be given any weight as establishing such fact, then upon equally good grounds plaintiff might respond that the dismissal or withdrawal of the charge is evidence of its untruth. But manifestly the circumstance is without any legitimate bearing upon the issue whether the deceased was mentally incompetent at the time of the transaction in question. Counsel would not contend that an alleged debt is established by proof that the claimant at one time brought suit upon it and thereafter dismissed the proceedings. The *non sequitur* so apparent in the illustration is no more glaring than in the argument advanced by appellants so far as this phase of the case is concerned.

In support of the plaintiff's case we have at the outset the presumption of mental soundness and competence to transact business which attaches to every person of adult years and the presumption of due consideration which attaches to every written promise to pay. Moreover, the evidence fairly tends to show that deceased did in fact manage and control his own business without any marked indication of incompetency until near his death, which occurred two years after the mak-

3. SAME: presumptions: evidence.

ing of the note and mortgage. It further tends to show that the making of the note and mortgage was a deliberate and intelligent act on his part. It is shown that on the day in question he prepared in his own handwriting and without any apparent dictation on the part of his wife a settlement sheet or formal statement of his alleged dealings with her individual property and income, charging himself with rents and interest collected on her account covering a period of eight years and aggregating $2,994.10. As against this charge he took credit for taxes paid on his wife's property, for improvements made thereon, for insurance procured upon her building, for interest paid on her account, and for property sold and money paid to her aggregating $1,157.40, and showing a balance due plaintiff of $1,836.60, which is the amount for which the note in suit was given. The paper was then signed by the deceased and plaintiff in the presence of a witness whom deceased had called in for that purpose. The statement, if prepared by the deceased—and such is the testimony —gives evidence in itself of mental capacity wholly inconsistent with the theory of the defense. It is an orderly businesslike record of items of admitted indebtedness and claimed credits covering a period of years. It indicates power of memory and intelligent comprehension of the meaning of the words employed. His conduct, as shown by the only disinterested witness of the transaction, was that of a man in possession of his faculties, and demonstrates with reasonable certainty that the note and mortgage were executed with intelligent and deliberate purpose. There is not a word of evidence that plaintiff exercised or sought to exercise any influence over him to induce the making of these papers. There is no evidence whatever that the deceased did not collect and use the money and income of the plaintiff just as he admits in the written statement. These things, added to the fact that he was then and afterward managing his own business, dealing in his own right with the banks, merchants, and others, extending the loan on his land, procuring insur-

ance, making application for a pension, and executing such business papers as were required of him, make up a showing of admitted or well-proved circumstances all tending to strengthen the presumption of mental soundness that is not easily overcome by the mere opinion of non-expert witnesses that he is mentally unsound. It is true that appellants offered certain expert evidence to the same effect; but the witness giving it does not appear to show such knowledge of the actual conditions of the deceased or such mastery of the subject upon which he speaks as entitled his opinion to very serious consideration. On the other hand, the physician who personally attended the deceased in the later years of his life expresses a view that he was not incompetent at the time of giving the note and mortgage.

It is shown, also on the part of defendant, that nearly two years after the making of these instruments the deceased had so far failed that plaintiff leased land to the husband of the deceased's daughter in consideration that the lessee should care for and support him, and in this lease the said Thomas Cort is spoken of as being "feeble in mind and body." This lease was made about two months before Cort died, and is no doubt evidence that plaintiff at that time regarded him to some degree mentally enfeebled; but it would be extending the legal presumption beyond all precedent to hold that an admission of present mental decline may be construed as an admission that the person referred to was incompetent to make a contract two years prior thereto.

4. Same: admission of mental incompetency.

We think it unnecessary to further review the facts. The record does not establish the alleged incompetency of Thomas Cort at the date in question, and the trial court properly found for the plaintiff on this issue, and, as we have already said, the record is barren of evidence to sustain the allegation of undue influence. It is said, however, that in view of the relation between the parties the burden is upon the

5. Same: mortgages: presumption: burden of proof.

plaintiff to show the fairness of the transaction. It is possible that, if plaintiff were claiming the note and mortgage as a mere gift from her husband, the rule thus invoked by counsel would be applied; but that question we need not decide. She is claiming no gift. She asserts that the instruments were made upon a sufficient consideration.

Such is the presumption, and such, also, is the specific proof; and even if the burden should be placed upon her we think the evidence sustains it. The mere fact that she was the wife of the mortgagor does not in our judgment deprive her of the benefit of the presumption of due consideration for the written obligation, and there is no showing of dominating influence or control on her part which requires her to assume the burden of an affirmative showing of good faith. Counsel say and repeat that plaintiff did not as a witness enter upon a statement or explanation of this transaction with her husband, and the court should draw an unfavorable inference from her silence in this respect. This is hardly fair argument.

Plaintiff was incompetent to testify concerning her personal transactions with her deceased husband, and she is not open to the charge of concealing or withholding testimony because she and her counsel respected the statutory prohibition. Had defendants believed that she might reveal the alleged fraud or want of consideration, it was competent for them to waive the objection to her competency and call her to the witness stand. This they did not do, and her failure to testify is not to be treated as evidence of wrong on her part.

6. SAME: evidence: transactions with a decedent.

Defendants filed a cross-petition involving another alleged transaction between plaintiff and her husband and asking that she be required to account for certain moneys received. This pleading was struck from the files on motion of the plaintiff, and we are asked to reverse such ruling. It is enough to say that no exception appears to have been preserved thereto and the

7. PRACTICE: exception to rulings: review.

record in this respect presents nothing calling for our consideration.

The case, as a whole, is a simple question of fact upon which the defendants have the burden of proof. They have clearly failed to sustain that burden, and the trial court properly gave the plaintiff the relief prayed for.

The decision appealed from is therefore *Affirmed.*