IN RE ESTATE WILLIAM J. HOWE, Deceased.

CHAMPLIN HOWE et al., Appellees, v. OLIVE M. TIMEON et al.,
Appellants.

**WILLS: Contest to Set Aside—Verdict on Conflicting Evidence.** A
1   verdict on conflicting evidence as to the mental competency of
testator is necessarily conclusive on appeal.

**WILLS: Contest to Set Aside—Mental Incompetency—Evidence—**
2   **Guardianship.** An adjudication of mental unsoundness of testator,
subsequent to the execution of the will, does not, of itself, create
a presumption of unsoundness of mind *previous to the date of
such adjudication.* Instructions reviewed, and *held,* when con-
strued as a whole, to correctly state the law.

**APPEAL AND ERROR: Extent of Review—Findings of Lower Court**
3   **—Misconduct of Jurors and Litigants.** A finding of the lower
court, sustained by the evidence, that charges of improper conduct
on the part of jurors and litigants were not established, will not be
disturbed on appeal.

*Appeal from Black Hawk District Court.*—HON. CHARLES
W. MULLAN, Judge.

SATURDAY, NOVEMBER 27, 1915.

THIS is a will contest. Exceptions were duly filed and
trial to a jury had. The ground of contest was mental inca-
pacity of the testator. There was a verdict sustaining the
will, and judgment was duly entered thereon. The contestants
appeal.—*Affirmed.*

*Sager & Sweet,* for appellants.

*Edwards, Longley, Ransier & Smith,* for appellees.

EVANS, J.—The testator was William J. Howe. The will
in question was made July 25, 1907. The testator died on

March 13, 1912. At the time of the execution of the will, he was about 75 years of age. He was the owner of a farm of 80 acres. He left surviving him four sons and five daughters. By his will, he bequeathed to his daughters the sum of $200 each, and all the residue of his estate to his four sons, in equal shares. The foregoing provisions for his children were made subject to certain provisions for his wife, who, however, preceded him in death, some three years after the execution of the will. The sons are the proponents of the will, and some of the daughters are the contestants.

I. The appellants present for our consideration three main contentions. The first of these is that the verdict was unsupported by the evidence. The evidence on behalf of the contestants tended to show that the decedent was suffering from senile dementia, and that such infirmity had reached such a stage of progress before the execution of the will as to render him incapable of executing the same. About 20 years before this time, the testator had met with two successive accidents, wherein he had suffered substantial injury. One of these injuries ultimately resulted in the loss of an eye. It was also made to appear that, in 1910, he was adjudged to be of unsound mind and a guardian was appointed for him. Such proceeding was instituted by the proponents, and one of them was appointed as such guardian. Considerable opinion testimony was introduced, involving the opinions of neighbors and relatives, and tending to show a marked degree of mental incapacity at a time prior to the execution of the will. The evidence, taken together, was of such a nature that it would have sustained a verdict adverse to the will, if such had been rendered.

On the other hand, evidence quite as persuasive on the face of it was introduced on behalf of the proponents, tending to show that the mental condition of the testator was at all times normal until about the year 1910, shortly after the death of his wife. The evidence thus introduced on behalf

1. WILLS: contest to set aside: verdict on conflicting evidence.

of the proponents was also sufficient to sustain a verdict in support of the will. Upon a separate reading of the evidence, we are united in this conclusion. Inasmuch as this conclusion is in accord with that of the trial court, it would serve no useful purpose to enter upon a discussion of the voluminous evidence.

II. Appellants further contend that the trial court erred in Instructions Numbers 9 and 10, and more particularly in the former. Instruction No. 9 dwelt upon the adjudication of mental unsoundness in May, 1910, and upon the legal effect thereof. Such instruction included the following:

2. WILLS : contest to set aside : mental incompetency : evidence : guardianship.

"As to the effect of such evidence, and the consideration which you should give it, you are instructed that such adjudication and the appointment of a guardian for the said W. J. Howe would be evidence that, at the time of such adjudication and the appointment of a permanent guardian, the said W. J. Howe was of unsound mind; but no presumption would arise from such adjudication and appointment which would relate back to the time of the execution of the will in question, in 1907, or justify an inference that the said W. J. Howe was at the time of the execution of such will, of unsound mind."

The criticism is that the excerpt above quoted wholly excluded from the consideration of the jury the probative effect of the adjudication of mental unsoundness had in 1910. If such instruction had advised the jury that no presumption would arise from such adjudication *alone* which would relate to the time of the execution of the will, it would quite meet the criticism made upon it. The omission from the instruction of the word "alone" is the real infirmity which is charged against the instruction. We think the fair construction of the instruction makes its meaning clear, notwithstanding such omission. The statement is that no presumption would arise "*from such adjudication* and appointment which would relate back to the time of the execution of the

will in question'', etc. Such instruction further advises the jury that the record of the adjudication was introduced in evidence ''in order that you might have for your consideration all of the facts relating to the mental condition of the said W. J. Howe from a time prior to the execution of the will in question to the time of his death, and such testimony may be properly considered by you in connection with other testimony relating to the mental condition of the said W. J. Howe, at the time that he executed the will in question, in determining whether at that time he did, or did not have sufficient mental capacity to be competent to make a will''.

The construction of the instruction was also aided by Instruction No. 10, which dealt with the whole subject of the mental condition of the testator at a time subsequent to the making of the will, and advised the jury as to subsequent mental unsoundness that ''such fact alone'' would not justify a finding of mental unsoundness at the time of the making of the will.

We think these instructions and each of them are in strict accord with *Spiers v. Hendershott*, 142 Iowa 446, and *Cort v. Benson*, 159 Iowa 218.

III. After verdict, the contestants filed a motion for a new trial. Among other grounds, misconduct of the proponents and misconduct of the jury were charged. The misconduct charged consisted of alleged improper relations between the proponents and the jurors during the progress of the trial. Affidavits were filed in support of the motion. It appears from the record that, adjoining the court room where the case was tried, was a room, over the door of which was printed the word ''Witnesses''. This was known as a witness room and was used indiscriminately as a waiting room. A toilet room opened therefrom. During intermissions of the court, it was frequented by witnesses, litigants and jurors. It was in this

3. APPEAL AND ERROR: extent of review: findings of lower court: misconduct of jurors and litigants.

room, during intermissions of the court, that the alleged improper associations between the litigants and jurors were had. If had at all, they were had openly and publicly. The charge thus made was thoroughly denied by the proponents as well as by the jurors. The trial court appropriately took the charge seriously and investigated it thoroughly. On his own motion, he caused several of the jurors to be brought before him for examination. As a result of such examination, he found that the charge was not sustained. We think such finding has abundant support. No juror was specified or identified in the affidavits in support of the motion, nor was any identification attempted in the course of the examination.

In view of the finding of the trial court that the charge of misconduct was not sustained as a matter of fact, and of our approval of such finding upon this record, we can have no occasion to consider the sufficiency of acts charged to warrant a new trial.

The case is necessarily triable here on errors only, and we find no error in the record. The judgment below must therefore be—*Affirmed*.

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.